JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Reta R. Feldman

**DEFENDANTS**

GEICO Insurance Company

**(b)** County of Residence of First Listed Plaintiff    Bucks County
     *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery County
     *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
       THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David B. Sherman, Esquire
1628 JFK Blvd., Eight Penn Center, Suite 2200, Philadelphia, PA 19103
215-665-1100

Attorneys *(If Known)*
Scott J. Tredwell, Esquire
1600 JFK Blvd., Four Penn Center, Suite 800, Philadelphia, PA 19103
215-972-0161

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government
     Plaintiff
- ☐ 2   U.S. Government
     Defendant
- ☐ 3   Federal Question
     *(U.S. Government Not a Party)*
- ☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                       *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - |     of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |     Product Liability | ☐ 690 Other |     28 USC 157 |     3729(a)) |
| ☐ 140 Negotiable Instrument |     Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|     & Enforcement of Judgment |     Slander |     Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |     Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |     Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|     Student Loans | ☐ 340 Marine |     Injury Product | |     New Drug Application | ☐ 470 Racketeer Influenced and |
|     (Excludes Veterans) | ☐ 345 Marine Product |     Liability | | ☐ 840 Trademark |     Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |     Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |     Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |     Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |     Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |     Property Damage |     Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |     Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - |     Product Liability | ☐ 751 Family and Medical | | ☐ 893 Environmental Matters |
| |     Medical Malpractice | |     Leave Act | | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |     Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |     Income Security Act |     or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party |     Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |     Sentence | |     26 USC 7609 |     Agency Decision |
| ☐ 245 Tort Product Liability |     Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | |     State Statutes |
| |     Employment | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other | ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |     Conditions of | | | |
| | |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original
    Proceeding
- ☒ 2 Removed from
    State Court
- ☐ 3 Remanded from
    Appellate Court
- ☐ 4 Reinstated or
    Reopened
- ☐ 5 Transferred from
    Another District
    *(specify)*
- ☐ 6 Multidistrict
    Litigation -
    Transfer
- ☐ 8 Multidistrict
    Litigation -
    Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441(a)

Brief description of cause:
Claim for underinsured motorist coverage following denial of benefits.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*     JUDGE                      DOCKET NUMBER

DATE   4-13-18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| RETA R. FELDMAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| GEICO INSURANCE COMPANY | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X)

| | | |
|---|---|---|
| April 13, 2018 | Scott J. Tredwell, Esquire | Defendant, GEICO Insurance Company |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-972-0161 | 215-972-5580 | stredwell@mccormickpriore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   Reta R. Feldman, 3024 Alden Court, Bensalem, PA 19020

Address of Defendant:   GEICO Insurance Company, 5260 Western Avenue, Chevy Chase, MD 20815

Place of Accident, Incident or Transaction:   Insurance contract issued in Bensalem, Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))         Yes☒   No☐

Does this case involve multidistrict litigation possibilities?         Yes☐   No☒
*RELATED CASE, IF ANY*:
Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____         _____         _____
                                              Attorney-at-Law                          Attorney I.D.#
**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE:   April 13, 2018         _____         57364
                                              Attorney-at-Law                          Attorney I.D.#
CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RETA R. FELDMAN | : | |
| | : | Case No. |
| v. | : | |
| | : | |
| GEICO INSURANCE COMPANY | : | |

## NOTICE OF FILING OF NOTICE OF REMOVAL
## TO THE UNITED STATES DISTRICT COURT

To:    David B. Sherman, Esquire
       Gary I. Spivack, Esquire
       1628 John F. Kennedy Blvd.
       8 Penn Center, Suite 2200
       Philadelphia, PA 19103
       *Attorney for Plaintiff*

**PLEASE TAKE NOTICE** that defendant, Government Employees Insurance Company (incorrectly identified as "GEICO Insurance Company"), in the above-captioned matter, originally pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, docketed as Number Dec. 2017-171201135, hereby files in the United States District Court for the Eastern District of Pennsylvania a Notice of Removal of said action, a copy of that Notice of Removal being attached hereto and served herewith.

By: _____

Scott J. Tredwell, Esquire (PA ID #57364)
Christopher M. Burruezo, Esquire (PA ID # 321893)
**McCormick & Priore, P.C.**
Four Penn Center, Suite 800
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(T) 215-972-0161 / (F) 215-972-5580
stredwell@mccormickpriore.com
cburruezo@mccormickpriore.com
Attorneys for Defendant,
GEICO General Insurance Company

Date: April 13, 2018

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RETA R. FELDMAN | : | CASE No. |
| | : | |
| v. | : | NOTICE OF REMOVAL OF ACTION |
| | : | UNDER 28 U.S.C. § 1332(a)(1) |
| GEICO INSURANCE COMPANY | : | |

### NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

**To:** **The Honorable Judges of the United States District Court for the Eastern District of Pennsylvania:**

Defendant, Government Employees Insurance Company (incorrectly identified as "GEICO Insurance Company") (hereinafter "GEICO"), hereby files a Notice of Removal of this case from the Court of Common Pleas of Philadelphia, Pennsylvania, in which it is now pending, to the United States District Court for the Eastern District of Pennsylvania.   This Notice of Removal is filed pursuant to 28 U.S.C. §§1332, 1441(a) and 1446.  GEICO, in support thereof, avers as follows:

1.      On December 11, 2017, plaintiff, Reta R. Feldman, commenced the instant action through the filing of a Writ of Summons against GEICO in the Court of Court of Common Pleas of Philadelphia County, Pennsylvania, docketed as Number 171201135.  *A true and correct copy of plaintiff's Writ of Summons is attached hereto as Exhibit "A."*

2.      On March 19, 2018, plaintiff filed her Complaint, setting forth the damages sought. *A true and correct copy of plaintiff's Complaint is attached hereto as Exhibit "B."*

3.      Plaintiff's Complaint was served on GEICO on March 19, 2018.

4.      This case involves plaintiff's claim for underinsured motorist coverage arising out of a motor vehicle accident that occurred on or about January 2, 2013.  *See* Exhibit "B."

5.      Plaintiff is making a claim against GEICO for breach of contract damages.

6.      Plaintiff is also making a claim against GEICO for bad faith and punitive damages.

**This Notice Is Timely Filed In Accordance With § 1446**

7.    This Notice of Removal is timely because it is filed within thirty (30) days of the date upon which GEICO received the initial pleading from which it could be ascertained the plaintiff's case was removable, or on March 19, 2018.  28 U.S.C. §1446(b).

8.    Further, the Notice of Removal is being filed within one year of the commencement of the action by plaintiff on December 11, 2017.  28 U.S.C. §1446(c).

**Diversity of Citizenship**

9.    At all times relevant, plaintiff is a citizen of the Commonwealth of Pennsylvania, residing at 3024 Alden Court, Bensalem, PA 19020.  *See* Exhibit "B" ¶ 1.

10.    Plaintiff is therefore a citizen of the Commonwealth of Pennsylvania.

11.    Pursuant to 28 U.S.C.S. § 1332(c), "for the purposes of a diversity action, a corporation shall be deemed a citizen of any state in which it is incorporated and also of the state in which it has its principal place of business . . . [i]t is well settled that a corporation can have only one principal place of business."  *Viola v. Provident Life & Accident Ins. Co.*, 2000 WL 1022894, at *2 (E.D. Pa. 2000) (citations omitted).

12.    More specifically, the Supreme Court of the United States has held:

> "[P]rincipal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center."  And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

13.    GEICO is organized under the laws of the State of Maryland with its principal place of business in Maryland, located at 5260 Western Avenue, Chevy Chase, Maryland 20815.

2

14.     GEICO is therefore a citizen of the State of Maryland.

15.     Proper diversity jurisdiction exists in the instant matter as the claim involves a "controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side." *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

16.     Pursuant to the above analysis, complete diversity exists between the plaintiff, citizen of the Commonwealth of Pennsylvania, and GEICO, a citizen of the State of Maryland.

### Amount in Controversy

17.     Plaintiff's Complaint demands on behalf of plaintiff in excess of $50,000 from GEICO. *See* Exhibit "B."

18.     Plaintiff's UIM coverage pursuant to her GEICO policy provides $50,000 in applicable UIM coverage. *See* Exhibit "B" ¶ 4.

19.     Additionally, plaintiff is seeking recovery of bad faith and punitive damages. *See* Exhibit "B" ¶ 19.

20.     A value of this case, as appearing from the allegations complained in the Complaint with respect to the alleged contract breach and alleged bad faith claim, exceeds the statutory removal requirement of $75,000.00.

21.     The present lawsuit's removal from the Court of Common Pleas of Philadelphia County to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1332(a)(1) and § 1441(a) is appropriate, as complete diversity exists between plaintiff and defendant, and the amount in controversy exceeds the jurisdictional amount.

22.     True and correct copies of all process, pleadings and orders which have been received by GEICO are attached hereto and filed herewith.

3

23.     GEICO expressly reserves the right to raise all defenses and objections in this action after it is removed to this Honorable Court.

24.     A true and correct copy of this Notice of Removal is being simultaneously filed with the Prothonotary of the Court of Common Pleas of Philadelphia County, Pennsylvania, as provided by 28 U.S.C. § 1446(d).

25.     Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446(d).

**WHEREFORE,** Notice is hereby given that this action is removed from the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

By: _____

Scott J. Tredwell, Esquire (PA ID #57364)
Christopher M. Burruezo, Esquire (PA ID # 321893)
**McCormick & Priore, P.C.**
Four Penn Center, Suite 800
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(T) 215-972-0161 / (F) 215-972-5580
stredwell@mccormickpriore.com
cburruezo@mccormickpriore.com
Attorneys for Defendant,
Government Employees Insurance Company

Date: April 13, 2018

4

## CERTIFICATE OF SERVICE

I, Christopher M. Burruezo, Esquire, attorney for defendant, Government Employees Insurance Company (incorrectly identified as "GEICO Insurance Company"), in the within action hereby certify that I am duly authorized to make this certification; and that on this date, I did cause a true and correct copy of the foregoing *Notice of Removal* to be forwarded by first-class United States mail to counsel addressed as follows:

David B. Sherman, Esquire
Gary I. Spivack, Esquire
1628 John F. Kennedy Blvd.
8 Penn Center, Suite 2200
Philadelphia, PA 19103
*Attorney for Plaintiff*

By: _____

Scott J. Tredwell, Esquire (PA ID #57364)
Christopher M. Burruezo, Esquire (PA ID # 321893)
**McCormick & Priore, P.C.**
Four Penn Center, Suite 800
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(T) 215-972-0161 / (F) 215-972-5580
stredwell@mccormickpriore.com
cburruezo@mccormickpriore.com
Attorneys for Defendant,
Government Employees Insurance Company

Date: April 13, 2018

# EXHIBIT "A"

USTED ESTA ORDENADO COMPARECER EN Arbitration Hearing 1880 JFK Blvd.  5th fl.  at 09:15 AM - 09/13/2018
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

**SOLOMON & SHERMAN & GABAY**
~~DAVID B. SHERMAN~~
**Identification No. 36437**
**GARY I. SPIVACK**
**Identification No.  30890**
**8 Penn Center**
**1628 J.F.K. Boulevard**
**Suite 2200**
**Philadelphia, PA  19103**
**(215)665-1100**

*Filed and Attested by the
Office of Judicial Records
11 DEC 2017 08:44 am
S. SELLER*

**Attorney for Plaintiff**

| | | |
|---|---|---|
| RETA FELDMAN | : | COURT OF COMMON PLEAS |
| 3024 Alden Court | : | PHILADELPHIA COUNTY |
| Bensalem, PA  19020 | : | |
| Plaintiff | : | DECEMBER TERM, 2017 |
| v. | : | |
| GEICO INSURANCE COMPANY | : | |
| One Geico Boulevard | : | |
| Fredericksburg, VA  22412 | : | NO. |

### PRAECIPE TO ISSUE SUMMONS

**TO THE PROTHONOTARY:**

Kindly issue the Summons in the above-entitled matter as against Defendants

Dated:  12/6/17

DAVID B. SHERMAN, ESQUIRE
GARY I. SPIVACK, ESQUIRE
Attorney for Plaintiff

Case ID: 171201135

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

RETA FELDMAN
*Plaintiff*

vs.

GEICO INSURANCE COMPANY
*Defendant*

:   COURT OF COMMON PLEAS

:   DECEMBER   Term, 20<u>17</u>

:   No._____

To[1]

GEICO INSURANCE COMPANY

ONE GEICO BOULEVARD

FREDERICKSBURG, VA  22412

# **Writ of Summons**

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante*

RETA FELDMAN

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*

ERIC FEDER
*Director, Office of Judicial Records*

By: _____

Date: _____

10-208 (Rev. 6/14

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

Case ID: 171201135

# Court of Common Pleas

DECEMBER _____ Term, 20 _2017_

No. _____

RETA FELDMAN
_Plaintiff_

vs.

GEICO INSURANCE COMPANY
_Defendant_

# SUMMONS

Case ID: 171201135

# EXHIBIT "B"

**SOLOMON & SHERMAN & GABAY**
**DAVID B. SHERMAN**
**Identification No. 36437**
**GARY I. SPIVACK**
**Identification No. 30890**
**8 Penn Center**
**1628 J.F.K. Boulevard**
**Suite 2200**
**Philadelphia, PA 19103**
**(215)665-1100**

*Filed and Attested by the Office of Judicial Records 19 MAY 2018 10:33 am B. EDMUNDS*

**Attorney for Plaintiff**

| | | |
|---|---|---|
| RETA FELDMAN | : | COURT OF COMMON PLEAS |
| 3024 Alden Court | : | PHILADELPHIA COUNTY |
| Bensalem, PA 19020 | : | |
| Plaintiff | : | DECEMBER TERM, 2017 |
| v. | : | |
| GEICO INSURANCE COMPANY | : | |
| One Geico Boulevard | : | |
| Fredericksburg, VA 22412 | : | NO. 1135 |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

### PHILADELPHIA BAR ASSOCIATION LAWYER REFERRAL AND INFORMATION SERVICE
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**Telephone:  215-238-1701**

## AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene viente (20) dias de plaza al partir de la fecha de la demanda y la notificacion.  Hace falta asentar una comparensencia escrita o en persona o con un abogado y ontregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASESTENCIA LEGA.

### ASOCIACION DE LICENCIADOS DE FILADELFIA SERVICIO DE REFERENCIA E INFORMACION LEGAL
**One Reading Center**
**Filadelfia, Pennsylvania  19107**
**Telefono:  215-238-1701**

## COMPLAINT – CIVIL ACTION
### 2V – Motor Vehicle Accident - UIM

1.      Plaintiff, Reta Feldman, is an adult individual and at all times pertinent hereto resided at the above-captioned address.

2.      Defendant, Geico Insurance Company (hereinafter "Geico") is an insurance company authorized to issue insurance policies in the Commonwealth of Pennsylvania doing business at the above-listed address.

3.      On or about January 2, 2013, Plaintiff, Reta Feldman was severely injured as a result of a motor vehicle accident involving Meghan Corcoran who was insured by USAA with $100,000.00 Liability Policy Limits.

4.      Plaintiff was the owner of a vehicle insured by "Geico" providing UIM Coverage of $50,000.00/$100,000.00 Limits with Stacking.

5.      At all times pertinent hereto, Plaintiff, Reta Reldman was and is an "insured" via the underinsured motorist provisions of her policy with defendant, Geico Insurance Company under Claim No. 027204484.

6.      With Geico's approval and consent, Plaintiff settled the third party claim for $95,000.00, on or about January 30, 2016.

7.      The Geico policy provides that Plaintiff institute suit if in fact UIM benefits are either denied or not agreed upon.  In this case the parties have failed to reach an agreement on the value of the case.

8.      Defendant, Geico has failed to engage in settlement negotiations and/or offer a reasonable sum to adequately compensate Reta Feldman for very serious injuries.

9.    Plaintiff forwarded to the defendant proof of the injuries, medical records and reports. Those injuries include herniated cervical discs, cervical pain and radiculopathy, lumbar and mid-back pain and herniated discs.

10.    Plaintiff, Reta Feldman continues to suffer pain and limitations in the above-affected areas. Said injury is of a permanent nature and continues to worsen.

11.    Plaintiff, through her attorneys had attempted to negotiate an underinsured motorist settlement with the Defendant, and while defendant has engaged in negotiations the parties have failed reach an agreement.

12.    Under the terms and provisions of the aforesaid policy, Plaintiff is entitled to assert a claim for benefits by way of jury trial.

13.    Plaintiff hereby requests a jury trial under the terms and provisions of the law applicable and under the Geico policy in particular.

14.    Defendant has failed to honor the terms and provisions of the contractual insurance relationship by not settling this claim in good faith and in an expeditious manner.

15.    Defendant has violated the terms and provisions of the insurance policy entitling plaintiff to proceed to jury trial.

16.    Defendant's actions, in failing to make a reasonable and appropriate settlement offer, is in violation of the Pennsylvania Motor Vehicle Financial Responsibility Act, Bad Faith and other Statutes of Pennsylvania law.

17.    Defendant has violated provisions of the policy, including bad faith, by engaging in the following conduct:

        (a)    Failing to negotiate the claim in good faith;

        (b)    Failing to timely negotiate the claim;

Case ID: 171201135

(c)     Failing to undertake proper investigation;

(d)     Conducting itself as a third party claim rather than first party;

(e)     Violating policies, procedures and protocols of their own policy;

(f)     Violating other regulations, procedures, and protocols regarding negotiations for adjustments of claims.

18.     If Plaintiff is successful in obtaining a jury verdict in excess of policy limits, Defendant will be responsible for the whole amount and said amount will not be subject to "molding" of verdict.

19.     Additionally Plaintiff reserves the right to proceed against GEICO for Bad Faith Damages and Punitive Damages, and Damages under the Pennsylvania Consumer Protection Laws.

WHEREFORE, Plaintiff, Reta Feldman demands judgment in their favor and against the Defendant in a sum in excess of Fifty Thousand ($50,000.00) Dollars.

BY: _____
GARY I. SPIVACK, ESQUIRE
Attorney for Plaintiff

Dated:  March 16, 2018

## VERIFICATION

The undersigned, having read the attached, verifies that the within Complaint is based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the pleading is that of counsel and not of signers. Signer verifies that he/she has read the within Complaint and it is true and correct to the best of signers' knowledge, information and belief. To the extent that the contents of this pleading, noted above, are that of counsel, verifier has relied upon counsel in taking this verification.

This Verification is made subject to the penalties of 18 Pa.C.S. 4904, relating to unsworn falsification to authorities.

Date: March 19, 2018

RETA FELDMAN